**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

STANLEY L. HOWARD,

                        Petitioner,

    v.                                                No. 06-CV-341

                                                  (LEK/DRH)

HOWARD D. GRAHAM, Superintendent,
Auburn Correctional Facility,

                        Respondent.

---

**APPEARANCES:**                        **OF COUNSEL:**

STANLEY L. HOWARD
Petitioner Pro Se
No. 02-B-1716
Southport Correctional Facility
Post Office Box 2000
Pine City, New York 14871

HON. ANDREW M. CUOMO          ALYSON J. GILL, ESQ.
Attorney General for the            CHELSEA CHAFFEE, ESQ.
   State of New York              Assistant Attorneys General
Attorney for Respondent
120 Broadway
New York, New York 10271

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

     Petitioner pro se Stanley L. Howard ("Howard") is an inmate in the custody of the

New York State Department of Correctional Services ("DOCS"). After a bench trial in New

York State Supreme Court, County of Cayuga, Howard was found guilty of (1) two counts

of criminal possession of a controlled substance in the third degree, and (2) two counts of

---

    [1] This matter was referred to the undersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

criminal sale of a controlled substance in the third degree.  He was sentenced to a total

indeterminate term of seven and one-half to fifteen years imprisonment, which he is now

serving.  Howard petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. §

2254 on the grounds that he was (1) convicted by way of insufficient evidence and (2)

denied the effective assistance of counsel.  For the reasons which follow, it is

recommended that Howard's petition be denied.

## I.  Background

Joshua Middleton and Roger Anthony ("Officers") were members of the City of

Auburn Police Department and assigned to the Finger Lakes Drug Task Force (T. 12, 15,

40, 54, 93, 164-66).[2]   On March 26, 2001, the Officers witnessed Howard driving down

Genesee Street onto Hoffman Street in Auburn in a gold Chevrolet Impala sedan (T. 17-

18, 41-44, 56, 64-66, 98, 170-72, 181, 188-90, 194-96, 217, 240).  Howard picked up the

Officers' confidential informant, Lynn Youtt ("Informant"), who had arranged the

transaction in advance by telephone.  Howard sold to her a quantity of crack cocaine in

exchange for $100 supplied to the Informant by the Officers (T. 13-19, 31, 103, 130-31,

171-73, 219, 253, 279).  For evidentiary purposes, the Informant wore an electronic

listening device to monitor the transaction (T. 14, 95-96, 215, 237-38).  After the sale, the

Officers debriefed the Informant and collected the rock cocaine and listening device (T.

26-27, 104, 131, 174, 220).  Approximately twenty minutes after the first debriefing, the

Officers monitored a second transaction between Howard and the Informant during which

---

[2]"T." connotes a citation to the trial transcript.

the Informant exchanged another $100 for another quantity of crack cocaine (T. 26-29, 108-110, 222-23, 253, 277-80).  Once more, the Officers debriefed the Informant and collected the cocaine and listening device (T. 29, 110, 135-36, 177, 196, 224).  Howard was arrested.

Howard's first trial began on August 5, 2002 but ended in a mistrial due to the need for hearings on various issues (T. 32-39).  The trial court held the hearings the next day and the trial recommenced (T. 84).  On August 14, 2002, the trial court found Howard guilty on all counts (T. 275-280).  The Appellate Division affirmed on February 4, 2005. People v. Howard, 788 N.Y.S.2d 909 (4th Dep't 2005).  Howard sought leave to appeal to the New York Court of Appeals, but leave was denied on March 11, 2005.  People v. Howard, 829 N.E.2d 680 (N.Y. 2005).  This action followed.

## II.  Discussion[3]

### A.  Weight of the Evidence[4]

Howard argues in the second ground of his petition that the verdict rendered was against the weight of the evidence.  This is not a cognizable claim in federal court.

---

[3] Respondent argues that Howard did not exhaust his available state court remedies on direct appeal.  Generally, a federal court will not consider a petition for a writ of habeas corpus unless the petitioner has first exhausted available state court remedies. 28 U.S.C. § 2254(b).  However, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") allows consideration of the petition on the merits notwithstanding a failure to exhaust.  28 U.S.C. § 2254(b)(2).  In light of the disposition on the merits recommended herein, therefore, respondent's exhaustion argument need not be addressed.

[4] The first ground of Howard's petition appears to assert a claim that the evidence against him was inadmissible at trial because it resulted from an unlawful arrest and that the arrest was unlawful because there was insufficient evidence for his arrest. First, this contention appears to raise the same argument asserted in the second ground of the petition regarding the weight of the evidence and the discussion herein as to that ground applies equally to Howard's contention regarding the lawfulness of  his arrest.  Second, as to any contention that Howard's arrest lacked probable cause, that contention was resolved against Howard by the trial court and on his direct appeal.  Howard may obtain habeas relief by showing that the state court's decision was "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court."  28 U.S.C. § 2254(d)(1); Carey v. Musladin, 127 S. Ct. 649, 653 (2006); Campbell v. Burgess, 367 F. Supp. 2d 376, 380 (W.D.N.Y. 2004).  "By 'contrary to,' the state court decision may be either contrary to Supreme Court precedent on a question of law or the state court decision is opposite to a relevant Supreme Court case with 'materially indistinguishable' facts."  Johnson v. West, No. 04-CV-751, 2007 WL 952058, at *2 (N.D.N.Y. Mar. 29, 2007)(quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)). A state court unreasonably applies federal law when the state court correctly identifies the governing legal rule in a particular case but applies the rule to the facts in an "objectively unreasonable" manner.  Johnson, 2007 WL 952058, at *2 (quoting Lockyer v. Andrade, 538 U.S. 63, 75 (2003)).  The state court's determination of a factual issue is presumed to be correct and the petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); DeBerry v. Portuondo, 403 F.3d 57, 66 (2d Cir. 2005); Boyette v. Lefevre, 246 F.3d 76, 88 (2d Cir. 2001).  The trial court's ruling on the lawfulness of Howard's arrest was neither contrary to nor involved an unreasonable application of clearly established federal law.  For both reasons, therefore, Howard's petition on this first ground should be denied.

Howard's contention that the verdict was against the weight of the evidence raises only a state law issue and not one recognized in this forum.  See Parkinson v. Kelly, No. 01-CV-713 (TJM/GJB), 2006 WL 721645, at *19 (N.D.N.Y. Mar. 20, 2006) ("Insofar as petitioner raises a claim that the verdict was against the weight of the evidence, it must be dismissed as not cognizable in a federal habeas corpus application.").  Thus, a court will generally dismiss such a claim.  Id.  However, because Howard proceeds here pro se, his claims are entitled to liberal construction.  See Brown v. Duncan, No. 00-CV-290 (GLS/GHL), 2006 WL 1977469, at *13 (N.D.N.Y. July 11, 2006) ("[S]ince petitioner is proceeding pro se, his claims must be liberally construed.") (citations omitted).  Liberally construed, Howard asserts in this claim that the verdict was not supported by legally sufficient evidence in violation of his federal constitutional right to due process of law. U.S. Const. amend. V, XIV.

However, liberal construction of a petitioner's arguments cannot cure substantive defects and certainly will not save a claim without merit.  Absent a meritorious basis, a court must reject it.  See Jenkins v. Unger, No. 03-CV-1172 (LEK/DRH), 2007 WL 911889, at *8 (N.D.N.Y. Mar. 22, 2007) ("The Court cannot grant habeas relief based upon unsubstantiated conclusions . . . or speculation.") (citing Wood v. Bartholomew, 516 U.S. 1, 8 (1995)).  It is clear that a constitutionally sound argument will fail when it remains unsubstantiated.  Id. at *3.  Howard must support his claim with legitimate arguments to meet his burden.

The Supreme Court has "held that the Due Process Clause requires the State in criminal proceedings to prove guilt beyond a reasonable doubt."  Cupp, 414 U.S. at 147 (citing In re Winship, 397 U.S. 358 (1970)).  A defendant who claims that the evidence

was not sufficient to sustain such a conviction bears a very heavy burden.  United States

v. Pierce, 224 F.3d 158, 164 (2d Cir. 2000) Thus, Howard must overcome a highly

deferential standard.  Although a pro se petitioner's argument will be construed liberally, it

is not true that the argument must also be interpreted to favor that party.  See Parkinson,

2006 WL 721645, at *17.  Rather, the opposite is true; a court reviewing the sufficiency of

the evidence must draw all inferences in the prosecution's favor.  Maldonado v. Scully, 86

F.3d 32, 35 (2d Cir. 1996).  Further, the court will affirm a trial court's conviction if the

"reviewing court finds that any rational trier of fact could have found the essential elements

of the crime beyond a reasonable doubt."  United States v. Vazquez, 267 F.3d 79, 90 (2d

Cir. 2001) (quoting United States v. Desimone, 119 F.3d 217, 223 (2d Cir. 1997)

(emphasis added)); see also Jackson v. Virginia, 443 U.S. 307, 318 (1979).

    In this case, the evidence admitted at trial would lead any rational trier of fact to

conclude that the trial judge had sufficient ground to find Howard guilty beyond a

reasonable doubt.  Howard's actions violate state criminal statutes.  Criminal possession

of a controlled substance in the third degree is demonstrated if the accused "unlawfully

possesses . . . a narcotic drug with intent to sell it."  N.Y. Penal Law § 220.16 (McKinney

2007).  Criminal sale of a controlled substance in the third degree is demonstrated if the

accused "knowingly and unlawfully sells . . . a narcotic drug."  N.Y. Penal Law § 220.39

(McKinney 2007).  The record indicates that Howard intended to sell crack cocaine, a

narcotic, by communicating with, and then driving to meet, the Informant.  He then sold the

crack cocaine to the Informant on two separate occasions during the same evening.

Additionally, the Officers confirmed that the transactions took place via observation and

6

electronic monitoring.  In light of this evidence, Howard cannot meet his heavy burden to demonstrate the insufficiency of the evidence as to any count of his conviction.

Accordingly, the petition on this ground should be denied.

### B.  Effective Assistance of Counsel

Howard argues as his third and final ground that he was denied the effective assistance of trial counsel.

A defendant arguing ineffective assistance of counsel must show that counsel was not functioning as constitutionally guaranteed by the Sixth Amendment.  A party making such a claim must overcome the presumption against the claimant and in favor of counsel. United States v. DeJesus, 219 F.3d 117, 121 (2d Cir. 2000) (citing Strickland v. Washington, 466 U.S. 668, 687 (1984)).  He or she must establish that "counsel's performance was deficient and that the deficiency caused actual prejudice to his defense," and that the deficiency falls "outside the wide range of professionally competent assistance."  Id.  This must be shown in a particularized way, "identify[ing] the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Petitioner bears the burden to prove that the errors of counsel were sufficiently severe "to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at  687.

Howard's claim here is asserted in conclusory terms and fails to specify his trial counsel's alleged errors.  The Court must, therefore, refer to Howard's brief on his state

direct appeal to ascertain the basis for this claim.  This claim was denied on direct appeal

and that denial was not contrary to nor an unreasonable application of clearly established

law.

Considering those claims of deficient performance  on their merits, moreover, no

basis appears to support Howard's contention.  In the appellate brief submitted to the

Appellate Division by his appellate counsel, Howard asserted that his trial counsel failed to

present witnesses to corroborate Howard's testimony that he was en route to or from New

York City at the time of the drug transactions.  In his pro se supplemental appellate brief,

Howard further contended that his trial counsel was deficient in failing to interview

prosecution witnesses before trial, subpoenaed Howard's records from DOCS which

would have impeached the Informant's testimony that she had known Howard for one and

one-half years, challenge a photographic identification, subpoena Howard's arrest

photograph in another case to impeach the testimony of a police officer regarding

Howard's hair style at the time of his arrest in this case, object to the prosecution's motion

to amend the indictment to correct a street name, object to the admissibility of the tape

recording of the drug sales because they were made without a warrant, move to dismiss

the indictment on speedy trial grounds and as facially defective, and move to suppress

certain evidence.

Howard has failed to meet either prong of the Strickland standard.  First, he has

failed to show that the performance of his trial counsel fell below constitutional standards

in any regard.  For example, there is no showing that witnesses existed to corroborate

Howard's claim that he was traveling to or from New York City at the times in question.

More significantly, assuming the existence of any such witness, there is no showing to

overcome the presumption that counsel determined that any such witness's testimony

would do more harm than good to Howard's defense.  Similarly, the other grounds offered

by Howard in his pro se supplemental brief were either immaterial[5] or a matter of trial

strategy.[6]  Second, Howard has failed to demonstrate that the outcome of his trial would

have been different if his trial counsel had taken the steps which contends he should have

taken.  Quite simply, the evidence of Howard's guilt was overwhelming.  See subsection

II(A) supra.

For both reasons, therefore, the petition on this ground should be denied.


### III. Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that the Howard's application for a writ of habeas corpus be

**DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file

written objections to the foregoing report.  Such objections shall be filed with the Clerk of

---

[5]For example, how long the Informant had known Howard, Howard's hair style at any time, and the correct street name.

[6]For example, Howard's DOCS records and his arrest photograph from a prior arrest would have served to inform and remind the trial court of Howard's prior criminal record.  Further, objection to a minor and insignificant amendment of the indictment was likely, and properly, viewed by counsel as pointless.  As well, objection to the admissibility of the tape recording was likely viewed as pointless since no warrant was required in these circumstances where one party to the conversation, the Informant, consented to the recording.

the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL**

**PRECLUDE APPELLATE REVIEW**.  Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing

Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72, 6(a), 6(e).

DATED:  December 14, 2007
        Albany, New York

_____
United States Magistrate Judge